UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS MORGAN,<br><br>    Plaintiff,<br><br>    v.<br><br>SIGNANT HEALTH GLOBAL LLC,<br><br>    Defendant. | Case No. 4:25-cv-06523-KAW<br><br>**ORDER GRANTING MOTION TO DISMISS OR STRIKE THE FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 12 |

On September 12, 2025, Defendant Signant Health Global LLC filed a motion to dismiss, or, in the alternative, to strike class allegations in Plaintiff's first amended complaint. (Def.'s Mot., Dkt. No. 12.) The Court has discretion in deciding a motion to strike and elects to address the merits of this motion within the Federal Rule of Civil Procedure 12(f) framework.

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS Defendant's motion to strike with leave to amend.

### I. BACKGROUND

Signant provides information technology and support services for clinical trials. (First Am. Compl., "FAC," Dkt. No. 11 ¶¶ 1, 47.) Signant's business model thus requires identifying clients with upcoming clinical trials and servicing those trials from start to finish. (*See generally* Signant Health Incentive Compensation Plan, Decl. Erin Parashkevov, "Parashkevov Decl.," Dkt. No. 12-2 ¶ 3, Ex. 1.) Signant pursues enterprise contracts that encompass the length of clinical trials lasting anywhere from 18 to 36 months. (FAC ¶ 47.)

Plaintiff began working for Signant as a Sales Development Manager on February 21, 2023. (FAC ¶ 1.) One of Plaintiff's job duties was to close contracts with clients for upcoming

clinical trials. (FAC ¶ 47.) In that capacity, Plaintiff was a participant in the Signant Health Incentive Compensation Plan ("the Plan"), and he alleges that he was not paid all commissions due. (*See* FAC ¶ 43.) Plaintiff was later promoted to Director of Business Development and held that position until he left Defendant's employ on November 6, 2024. (*See* FAC ¶ 1.) In this action, Plaintiff seeks to represent three classes of current and former employees. (FAC ¶ 21.) For the purposes of this motion, the only relevant class is the "Failure to Pay Commission Wages Class," which is defined as: "All persons who are or were Participants in the Signant Health Incentive Compensation Plan effective April 1, 2024, whether or not the Participant is a current or former employee, and who were not paid all commission wages due[.]" *Id.*

On August 29, 2025, Plaintiff filed the first amended complaint. (FAC, Dkt. No. 11.) On September 12, 2025, Defendant filed the motion to dismiss. (Def.'s Mot., Dkt. No. 12.) On September 26, 2025, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 14.) On October 3, 2025, Defendant filed a reply. (Def.'s Reply, Dkt. No. 15.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that, on its own or on motion made by a party, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "A matter is immaterial if it has no essential or important relationship to the claim for relief pleaded," and "[a] matter is impertinent if it does not pertain and is not necessary to the issues in question in the case." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). Motions to strike, however, "are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution of the merits." *Id.* (citation omitted).

//

//

2

### III. DISCUSSION

#### A. Adequacy of Meet and Confer Efforts

As an initial matter, Plaintiff's argument that the motion is premature on the grounds that it was filed while the parties were meeting and conferring to avoid unnecessary motion practice are not well taken. (Pl.'s Opp'n, Dkt. No. 14 at 5-6.) Defendant's deadline to respond was September 12, 2025, and the fact that the parties did not execute a stipulation to extend the response deadline, despite Plaintiff's willingness to do so, does not render this motion premature. *Id.* at 6. Thus, the Court will address the motion on the merits.

#### B. Merits

Defendant's motion seeks to dismiss or strike all factual allegations that unpaid commissions were owed under the Plan, because Plaintiff failed to satisfy the condition precedent that he was actively employed on the Payment Date. (Def.'s Mot. at 8.) These allegations affect the second, sixth, seventh, eighth, and ninth causes of action. (*See* Def.'s Notice of Mot. at 2-5.) In making the alternative motion to strike the Unpaid Commissions Class allegations, Defendant meaningfully[1] seeks to strike allegations from the second cause of action for unpaid wages, and the seventh cause of action for failure to timely pay wages. (*Id.* (citing FAC ¶¶ 21, 23(c), 26(b), 26(u), 43-50, 90); Def.'s Mot. at 15.)

"There is a split in this District as to whether a motion to strike class action allegations may be entertained at the motion to dismiss stage." *Roy v. Wells Fargo Bank, N.A.*, No. 14-cv-04661-SC, 2015 WL 1408919, at *1 (N.D. Cal. Mar. 27, 2015) (finding motion to strike class allegations procedurally improper when only argument was that class allegations were legally insufficient). Some judges, however, have held that a motion to strike class allegations may be brought, although rarely granted, at this juncture. *See Allagas v. BP Solar Int'l Inc.,* No.14-cv-

---

[1] Defendant also seeks to strike repeated reference to "three (3)" classes and to strike the seventh cause of action on behalf of the "Commissions Class[es]," but the Court will leave those intact. (*See* FAC ¶¶ 22, 24-27, page 20:18 (seventh cause of action for failure to pay wages on behalf of the misclassification and commissions classes).) The Court is confident that the parties understand that the number "three" refers to the original three classes, regardless of if they go forward, and that a claim cannot be on behalf of an identified class if the allegations regarding that class are stricken.

3

00560-SI, 2014 WL 1618279, at *3 (N.D. Cal. Apr. 21, 2014) ("A defendant may move to strike class actions prior to discovery where the complaint demonstrates a class action cannot be maintained on the facts alleged therein."); *In re Apple, AT&T iPad Unlimited Data Plan Litig.,* No. 10-cv-02553 RMW, 2012 WL 2428248, at *2-3 (N.D. Cal. June 26, 2012) (motions to strike class allegations disfavored at motion to dismiss stage; more appropriate for class certification); *Sanders v. Apple Inc.,* 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) ("Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery.").

Here, Defendant moves to strike the class allegations pertaining to the Unpaid Commissions Class because it challenges Mr. Morgan's individual claim for unpaid commissions. (*See* Def.'s Mot. at 1.) The motion leaves the other two putative classes undisturbed. (*See* Def.'s Mot. at 1.) Since the operative complaint contains several claims with more than one factual basis for recovery, the Court finds that, while disfavored, a motion to strike is the most efficient way to resolve the pending motion.

As an initial matter, Plaintiff's argument that discussion of the Plan's contents is premature at the pleading stage is unavailing. (*See* Pl.'s Opp'n at 12-13.) Plaintiff purports to represent a class of current and former Plan participants who were allegedly denied earned commissions and the operative complaint quotes directly from the Plan itself. (*See, e.g.,* FAC ¶¶ 23(c), 44-50.) Thus, the Court finds that the Plan has been incorporated by reference into the operative complaint, such that the Court "may *sua sponte* take judicial notice of the documents regardless of whether the parties complied with the formalities under the Civil Local Rules." *See, e.g., Silva v. Haleon US Inc.*, 758 F. Supp. 3d 1082, 1086 (N.D. Cal. 2024) (citing Fed. R. Evid. 201 ("The court may take judicial notice on its own" and may do so "at any stage of the proceeding.")).[2] As such, the inclusion of the Plan and arguments regarding its contents does not convert the motion into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

---

[2] Even so, the best practice would have been for Defendant to concurrently file a request for judicial notice.

4

1  In so doing, the court need not accept as true allegations that contradict facts which may be
2  judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir.
3  1987).
4  Here, the Plan places several conditions on earning commissions, including that a
5  participant "must remain continuously employed . . . through the date of the incentive payment."
6  (Plan § 6.5(h).) Plaintiff was not employed on the Payment Date, and Defendant contends that, as
7  a result, he is not entitled to commissions. (Def.'s Mot. at 8; *see also* FY25 Plan Schedule 1,
8  Parashkevov Decl., Ex. 2 at 1.) As a result, the only way for Plaintiff to circumvent the express
9  terms is to plausibly allege that the provisions denying his entitlement to commissions are
10 unconscionable. The FAC, however, does not address procedural unconscionability at all, so the
11 Court finds unconscionability is not adequately pled. This insufficiency renders the unpaid
12 commission allegations immaterial under Rule 12(f). Thus, the motion is GRANTED on that
13 basis. Plaintiff, however, is permitted leave to amend the unpaid commission allegations to
14 adequately allege unconscionability. If Plaintiff cannot sufficiently allege unconscionability or he
15 cannot find another representative plaintiff, he should not file an amended complaint, because,
16 even in the absence of amendment, all existing claims survive.

### IV. CONCLUSION

For the reasons set forth above, the Court GRANTS the motion to strike in the alternative and gives Plaintiff leave to amend. Specifically, the factual allegations pertaining to the right to unpaid incentive payments and/or unpaid commissions under the Signant Health Incentive Compensation Plan, in the paragraphs below, are STICKEN due to Plaintiff's failure to adequately allege unconscionability:

- Paragraph 21 (page 6, lines 1-5) ["Failure to Pay Commission Wages Class"]
- Paragraph 23(c) [entire subparagraph]
- Paragraph 26(b) [entire subparagraph]
- Paragraph 26(u) (page 9, line 12) ["including commissions"]
- Paragraphs 43-50 [all paragraphs]
- Paragraph 90 [entire paragraph]

Since all causes of action survive in the absence of these allegations, Plaintiff may file a second amended complaint within 21 days of this order.[3] If Plaintiff foregoes amendment, Defendant shall file an answer to the first amended complaint 14 days later.

Finally, the initial case management conference set for January 27, 2026 is continued to March 24, 2026 at 1:30 PM via Zoom videoconference. The joint case management statement is due on or before March 17, 2026.

IT IS SO ORDERED.

Dated: December 22, 2025

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[3] If Plaintiff amends, the Court would appreciate that the different factual bases for similar claims be separated into individual claims, particularly if they involve different classes or subclasses. For example, separate the unpaid wages claim for misclassification and unpaid commissions into two claims for unpaid wages, one for misclassification and one for unpaid commissions.

6